PROB 12C
(04/08)

February 2, 2010

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED

10 FEB -2 PM 2: 42

DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Johnny Joseph BONDS (English)

**Dkt. No.:** 07CR00072-001-JAH

**Reg. No.:** 00840-298

**Name of Sentencing Judicial Officer:** The Honorable John A. Houston, U.S. District Judge

**Date of Sentence:** August 8, 2007

**Original Offense:** 18 U.S.C. § 2252(a)(4)(B), Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, a Class C felony.

**Sentence:** 36 months custody; 5 years supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Modifications:** On October 6, 2008, the conditions of Mr. Bonds' supervised release were modified to include that he reside in a Residential Reentry Center (RRC) for up to 120 days, be subject to location monitoring technology, and reside at a hotel (or other residence for up to four months), to be paid for by the U.S. Probation Office. The modifications were sought in order to provide Mr. Bonds with suitable housing upon his release from custody.

On November 20, 2009, the conditions of Mr. Bonds' supervised release were modified to include that he reside at a hotel (or other residence for up to four months), to be paid for by the U.S. Probation Office. The modification was sought in order to allow the U.S. Probation Office to continue to assist Mr. Bonds with payment for housing.

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** July 21, 2009

**Asst. U.S. Atty.:** Anne Kristina Perry

**Defense Counsel:** Timothy A. Scott (Appointed)
(619) 794-0451

**Prior Violation History:** None.

PROB 12C

Name of Offender: Johnny Joseph BONDS

February 2, 2010

Docket No.: 07CR00072-001-JAH

Page 2

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

### CONDITION(S)

### ALLEGATION(S) OF NONCOMPLIANCE

**(Standard Condition)**

Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(nv8)*

1. On January 29, 2010, contrary to the instructions of the probation officer given on July 29, 2009, Mr. Bonds was in possession of a laptop computer.

***Grounds for Revocation:*** On July 29, 2009, Senior United States Probation Officer Carlos Hernandez instructed Mr. Bonds as to the conditions of his supervised release, including that he not access or purchase a computer without the prior authorization of the probation officer. Mr. Hernandez explained that the offender first had to inform him that he wanted to purchase a computer. Then, arrangements would be made for the offender to purchase monitoring software (Spector Pro). Finally, the probation officer would download the monitoring software.

On January 29, 2010, the undersigned conducted a visit of Mr. Bonds' home (located at 465 State St., room 28, El Centro, California). During the visit, the undersigned observed a laptop computer on Mr. Bonds' bed. The computer was on and in a program that circumvented Windows. When asked if he had permission to have the computer, Mr. Bonds replied that he was, in fact, allowed to have the computer. He further explained he had purchased it "last Friday."

While at Mr. Bonds' hotel room, the undersigned telephoned Senior Probation Officer Hernandez to inquire into Mr. Bonds' claims of having permission to have or use the computer in question. Mr. Hernandez indicated he never authorized Mr. Bonds to purchase or use any computer. Mr. Hernandez also stated he had instructed Mr. Bonds to obtain prior approval of the probation officer, before purchasing or using any computer. According to Mr. Hernandez, Mr. Bonds was informed that any computer he obtained would need to first be installed with computer-monitoring software, so that the use of the computer could be monitored at all times.

Therefore, Mr. Bonds' computer was seized, as possession of it constituted a violation of the instructions of the probation officer and of the terms of his supervised release.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On July 21, 2009, following his release from custody, Mr. Bonds commenced his term of supervised release in the Southern District of California. As noted in the last correspondence to the Court, dated November 20, 2009, Mr. Bonds was not permitted to reside in a RRC due to his high risk classification based on his sexual offense history. Instead, he was allowed to reside in hotel room in San Diego, paid for the by the U.S. Probation Office. While in San Diego, Mr. Bonds was referred to Mental Health Systems, Inc. (MHS) for random drug testing. To his credit, Mr. Bonds has been compliant with drug testing; he was recently downgraded to a less intensive level of testing.

In addition to drug testing, Mr. Bonds was also referred to Mr. Larry Corrigan for a sex offender evaluation. In a report dated December 7, 2009, Mr. Corrigan indicated Mr. Bonds showed a high level of sexual interest in females aged 8 to 12. In the report, Mr. Corrigan noted, "Mr. Bonds should also be greatly limited on his use of the Internet as well as not possessing any type of pornography, including adult pornography at this time." According to Mr. Corrigan, Mr. Bonds appeared to be in denial with respect to his "deviant" interests, and he minimized his past sexually inappropriate behavior.

Although Mr. Bonds has been participating in sex offender treatment, as directed, his treatment has not been without problems. On December 15, 2009, the probation officer received notification that Mr. Bonds had acted inappropriately during one of his treatment sessions. According to a trouble log prepared by Mr. Corrigan's staff, Mr. Bonds was verbally abusive towards staff. He told his therapist (a female) he did not talk to women, refused to shake the therapist's hand, called Mr. Corrigan names, and indicated he did not want to be there (in treatment).

On January 25, 2010, Mr. Bonds moved to El Centro, California. He was granted permission to move to El Centro, under the condition that he continue to attend sex offender treatment in San Diego (sex offender services are currently not available in El Centro). As alleged herein, on January 29, 2010, the undersigned went to Mr. Bonds' hotel room to conduct an unannounced home visit. As soon as Mr. Bonds opened the door to his room, the undersigned observed a laptop computer (running) and two books on top of the bed in the room. When asked if he had permission to have the computer, Mr. Bonds answered, "Yes." After a brief conversation with Mr. Bonds, the undersigned contacted his former probation officer, Senior Probation Officer Carlos Hernandez. Contrary to Mr. Bonds' claims, Mr. Hernandez stated he had not given Mr. Bonds permission to use or own a computer. He further stated that he had thoroughly discussed the issue of the computer with Mr. Bonds during their initial meeting on July 29, 2009. Mr. Hernandez indicated he had thoroughly explained to Mr. Bonds that any computers owned by him would be monitored by the probation officer through the use of computer-monitoring software. It was also explained to Mr. Bonds that he had to first notify the probation officer of his intention to purchase a computer. Once permission was granted, Mr. Bonds would then be required to purchase the monitoring software that would

PROB 12C

Name of Offender: Johnny Joseph BONDS                                  February 2, 2010

Docket No.: 07CR00072-001-JAH                                                    Page 4

subsequently be downloaded onto his computer. In his case, Mr. Bonds was informed the probation officer would use a software called Spector Pro.

For the Court's information, during the initial home visit, the probation officer also observed two books next to the laptop in question. One of the books was on "Linux,"a computer operating system. Spectro Pro, which is the computer-monitoring software used by U.S. Probation Office, is Windows-based (Windows is a different operating system). In researching the matter for the preparation of the Petition for Warrant, the undersigned discovered that monitoring software designed for use on a specific operating system can be circumvented if the person "boots" from another operating system. For example, an offender can press "F8" when starting or booting the computer, bypass Windows, and possibly use Web browsers without detection [Mark Sherman, Cyber Crime and Cyber Terrorism, **Special Needs Offender Bulletin** 12 (April 2002) at: http://llr.lls.edu/documents/documents/curphey.pdf].

Although the presence of the book on Linux is not a definitive indicator that Mr. Bonds intended to circumvent any monitoring software, it is a cause for great suspicion. Mr. Bonds is clearly computer-savvy, and his knowledge of computer technology likely surpasses that of the undersigned. Furthermore, in reviewing the circumstances surrounding the instant offense, it is evident he employed tactics to evade detection by law enforcement. These tactics imply a higher level of sophistication with respect to technology. Finally, as indicated in the presentence report, Mr. Bonds' previous employment includes four years of experience as a management information systems technician.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Bonds has been assessed by risk prediction instruments as being a high risk sex offender. While on pretrial supervision, the offender committed the following violations while on bond: consuming alcohol on several occasions; intentionally disabling the global positioning system equipment monitoring him; obstructing resisting a public peace officer and drunk in public/disorderly conduct, which resulted in arrest.

In the instant matter, Mr. Bonds was convicted of possessing child pornography. Evidence seized from the offender's computer revealed the following: 831 graphic image files of child pornography; 34 digital movies containing child pornography; and 5 self-contained slide shows. It is also noted that no further identification was done on the thousands of additional images of potential child pornography discovered on Bonds' computers and other media. As noted in the presentence report, the Assistant U.S. Attorney (AUSA) stated that the offender was an administrator on an Internet bulletin board offering child pornography, which had international implications. The AUSA also noted that the offender had a serious history of drug and alcohol abuse and an apparent "addiction" to child pornography. As noted previously, the offender is in therapy with Mr. Larry Corrigan and Associates, but his attitude and participation level are unsatisfactory. Mr. Bonds has made it clear to everyone that he does not want to be in treatment.

The instant offense is the third sexual related arrest. In 1984, Mr. Bonds was convicted of carnal abuse, first degree, wherein he (at age 31) had sexual intercourse with a victim who was 13 years old. In 1993,

he was arrested and charged with lewd/lascivious acts with a child age 14 or 15 and annoy/molest children. Charges were later dismissed.

Mr. Bonds was residing in San Diego, but last month, relocated to El Centro, California. He supports himself on Social Security Disability benefits.

## SENTENCING OPTIONS
## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (failure to follow the instructions of the probation officer) constitutes a Grade C violation. USSG § 7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised

release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>not less than 5 years, or life</u>, supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k).

## RECOMMENDATION/JUSTIFICATION

Mr. Bonds, a two-time convicted, high-risk, sex offender, knowingly and intentionally attempted to deceive the probation officer, stating he had permission to possess a laptop computer, when, in fact, he did not. Furthermore, Mr. Bonds' possession of a book on Linux is also deemed problematic. Although the possession of such a book, in and of itself, would not normally be of concern, it is in the case of Mr. Bonds., as the book is of an operating system that has the potential to circumvent any efforts to monitor the use of his computer. It is possible that Mr. Bonds, with his knowledge and expertise, had every intention to further deceive the probation officer by bypassing any software intended to monitor his computer.

Therefore, in view of the aforementioned factors, it is respectfully recommended supervised release be revoked and Mr. Bonds be sentenced to six months custody, followed by five years supervised release, under all the conditions previously imposed. Additionally, it is recommended the following two sex offender-specific conditions be added:

Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the court or probation officer, and that the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

Participate in a mental health program specifically related to sexual offender treatment. During the course of sexual offender treatment, the offender will be subject to periodic and random polygraph examinations as a therapeutic tool. The court authorizes release of the presentence report and available evaluations in connection to the sex offender treatment. The offender may be required to contribute to the costs of ser vices rendered in an amount to be determined by the probation officer, based on ability to pay.

PROB 12C

Name of Offender: Johnny Joseph BONDS                                    February 2, 2010
Docket No.: 07CR00072-001-JAH                                                       Page 7

Lastly, it is recommended that Mr. Bonds not possess any devices that can communicate data via a modem or any other dedicated connection, and may not have access to the Internet.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** **February 2, 2010**

Respectfully submitted:                              Reviewed and approved:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by

Lorena Gonzalez                                     Janet Bergland
Senior U.S. Probation Officer                       Supervising U.S. Probation Officer
(760) 352-0905

PROB 12C
Name of Offender: Johnny Joseph BONDS
Docket No.: 07CR00072-001-JAH

February 2, 2010
Page 8

## VIOLATION WORKSHEET

1.  **Defendant:**  BONDS, Johnny Joseph

2.  **Docket No.** (Year-Sequence-Defendant No.):  07CR00072-001-JAH

3.  **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to Follow the Instructions of the Probation Officer | C |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

4.  **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                    [ C ]

5.  **Criminal History Category** (*See* USSG § 7B1.4(a))                         [ I ]

6.  **Range of Imprisonment** (*See* USSG § 7B1.4(a))                  [ 3 - 9 months]

7.  **Unsatisfied Conditions of Original Sentence**: None.

Name of Offender: Johnny Joseph BONDS
Docket No.: 07CR00072-001-JAH

February 2, 2010
Page 9

## THE COURT ORDERS:

_____ AGREE.  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF
PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW
CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE
ALLEGED VIOLATIONS.

_____ DISAGREE.  THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO
APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY
SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

_____          2 - 2 - 2010
The Honorable John A. Houston                    Date
U.S. District Judge