PROB 12C
(04/08)

December 13, 2011

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

**FILED**

DEC 1 4 2011

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Johnny Joseph Bonds (English)　　　　　**Dkt. No.:** 07CR00072-001-JAH

**Reg. No.:** 00840-298

**Name of Sentencing Judicial Officer:** The Honorable John A. Houston, U.S. District Judge

**Original Offense:** 18 U.S.C. § 2252(a)(4)(B), Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, a Class C felony.

**Date of Revocation Sentence:** March 29, 2010

**Sentence:** 4 months custody; 50 months supervised release. ( *Special Conditions:  Refer to Amended Judgment and Commitment Order.)*

**May 27, 2010:** Conditions modified to include the offender reside in a Residential Recovery Center (RRC) for a period of up to 120 days, and the offender be monitored while at the RRC with location monitoring technology at the discretion of the probation officer.

**June 4, 2010:** Conditions to be modified to include the offender be monitored while under supervision with location monitoring technology at the discretion of the probation officer.

**September 13, 2010:** Motion Hearing ordering the offender be subject to computer monitoring and not use any software that overrides or inhibits in any way the monitoring software; notify the probation officer upon receiving any computer; use only approved software; offender to not use Linux software; and offender to be subject to GPS or any location monitoring system as directed and pay 50 percent of the costs.

**Type of Supervision:** Supervised Release　　　　**Date Supervision Commenced:** June 4, 2010

**Asst. U.S. Atty.:** Anne K. Perry　　　　**Defense Counsel:** Timothy A. Scott (Appointed)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(619) 794-0451

**Prior Violation History:** Yes. See prior court correspondence.

## PETITIONING THE COURT

· PROB 12C

Name of Offender: Johnny Joseph Bonds                                     December 13, 2011
Docket No.: 07CR00072-001-JAH                                                           Page 2

## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

### CONDITION(S)                    ALLEGATION(S) OF NONCOMPLIANCE

**(Special Condition)**
Offender be subject to computer monitoring    1.    On December 13, 2011, Mr. Bonds possessed a
and not use any software that overrides or           laptop computer which he failed to notify the
inhibits in any way the monitoring                   probation officer upon receipt of, and which he
software; notify the Probation Officer upon          admittedly utilized to access the Internet without the
receiving any computer; use only approved            installation monitoring software.
software, and offender to not use Linux
software.                                     2.    On December 13, 2011, Mr. Bonds possessed a cell
                                                     phone which he did not advise the probation officer
                                                     of upon receipt, and which he admittedly utilized to
                                                     access the Internet without the installation of
                                                     monitoring software.

                                              3.    On December 13, 2011, Mr. Bonds possessed Linux-
                                                     based software, to wit: Omageia.

***Grounds for Revocation:***  As to all the above allegations, on December 13, 2011, during a routine field
visit, this officer observed a cell phone on the offender's bed which he had not previously reported to this
officer previously. Mr. Bonds noted he purchased the new cell phone "months ago," and thought he had
informed me of such. During further questioning, Mr. Bonds admitted that he had used the cell phone in
the past to access the Internet. Subsequent to this admission, this officer completed a home inspection
which revealed a laptop computer under the bed. Mr. Bonds related that he purchased the laptop computer
approximately one month ago and that he had utilized the laptop to access the Internet. The laptop
computer was found in a computer bag, which also contained the Linux software alleged above. All of the
above items were seized as evidence to this violation on this same date, and will be reviewed for further
contraband.

PROB 12C
Name of Offender: Johnny Joseph Bonds                                      December 13, 2011
Docket No.: 07CR00072-001-JAH                                                           Page 3

## VIOLATION SENTENCING SUMMARY

## SUPERVISION ADJUSTMENT

Upon Mr. Bond's most recent release from custody on June 4, 2010, at times, he was argumentative and uncooperative with this officer; however, over time, Mr. Bonds appeared to be attempting to make some positive changes in his life. Over the past several months, Mr. Bonds appeared to be doing well as he was attending treatment with a positive attitude, attending A.A. meetings routinely, and overall presented as more pleasant and cooperative. With that said, Mr. Bonds did sustain several violations, including being in a possession of a wireless Internet router (which was later identified as belonging to his neighbor), and being in possession of another laptop computer (which he had received in the mail the same day that it was observed during a U.S. Probation compliance check). Both these violations were addressed with the offender, and this officer was in the process of providing the offender with that laptop to utilize once he was able to afford the monitoring software for installation.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Bonds has been assessed by risk prediction instruments as being a high risk sex offender. While on pretrial supervision, the offender committed the following violations while on bond: consuming alcohol on several occasions; intentionally disabling the global positioning system equipment monitoring him; obstructing resisting a public peace officer and drunk in public/disorderly conduct, which resulted in arrest.

In the instant matter, Mr. Bonds was convicted of possessing child pornography. Evidence seized from the offender's computer revealed the following: 831 graphic image files of child pornography; 34 digital movies containing child pornography; and five self-contained slide shows. It is also noted that no further identification was done on the thousands of additional images of potential child pornography discovered on Bonds' computers and other media. As noted in the presentence report, the Assistant U.S. Attorney (AUSA) stated that the offender was an administrator on an Internet bulletin board offering child pornography, which had international implications. The AUSA also noted that the offender had a serious history of drug and alcohol abuse and an apparent "addiction" to child pornography. As noted previously, the offender is in therapy with Mr. Larry Corrigan and Associates, but his attitude and participation level are unsatisfactory. Mr. Bonds has made it clear to everyone that he does not want to be in treatment.

The instant offense is the third sexual related arrest. In 1984, Mr. Bonds was convicted of carnal abuse, first degree, wherein he (at age 31) had sexual intercourse with a victim who was 13 years old. In 1993, he was arrested and charged with lewd/lascivious acts with a child age 14 or 15 and annoy/molest children. Charges were later dismissed.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (unauthorized possession of a lap top computer, unauthorized Internet access, and possession of unapproved computer software) constitute Grade C violations. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Since at the time of original sentencing the court departed from the applicable Criminal History Category, an upward departure may be warranted upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 36 months. USSG § 7B1.4, p.s., comment. (n.2), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h) and USSG § 7B1.3(g)(2), p.s.

In this case, the court has the authority to reimpose *any term of years or life* supervised release, less any term of imprisonment imposed upon revocation.  18 U.S.C. §  3583(k).  The PROSECUTORIAL REMEDIES AND OTHER TOOLS TO END THE EXPLOITATION OF CHILDREN TODAY ACT OF 2003, the Protect Act, Title 1 § 101 amends 18 U.S.C. §   3583 by adding the following: "(k) Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 2241, 2242, 2244(a)(1), 2244(a)(2), 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years or life."

## JUSTIFICATION FOR BENCH WARRANT

Mr. Bonds is a registered sex offender. He is currently on supervised release for possession of child pornography and has one prior conviction for carnal abuse wherein as an adult, he had sexual intercourse with a thirteen-year-old minor female.

PROB 12C
Name of Offender: Johnny Joseph Bonds                                    December 13, 2011
Docket No.: 07CR00072-001-JAH                                                            Page 6

## RECOMMENDATION/JUSTIFICATION

Mr. Bonds is before the Court facing his second violation in this matter. However, this violation is aggravated by the fact that Mr. Bonds, who is a registered sex offender with a prior sexual conviction, was found with an unauthorized laptop for the second time since placement on supervised release. Additionally, Mr. Bonds admittedly utilized a cell phone to access the Internet, and possessed unauthorized software, to wit: Linux-based software. At this time, Mr. Bonds is a risk to the community, and has shown he is unable to follow court orders or this probation officer's directives. Therefore, in view of the aforementioned factors, it is respectfully recommended Mr. Bond's supervised release be revoked, and he be sentenced to eight months custody, followed by 48 months supervised release, with previously imposed terms and conditions. Additionally, it is recommended that Mr. Bonds not be authorized to have access to a computer or any device which can communicate data via modem or dedicated connection and may not have access to the Internet throughout his term of supervised release.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  December 13, 2011**

Respectfully submitted:                              Reviewed and Approved:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by

Paula D. Burke                                        Janet M. Bergland
Senior U.S. Probation Officer                         Supervising U.S. Probation Officer
(619) 557-6536

Name of Offender: Johnny Joseph Bonds                    December 13, 2011
Docket No.: 07CR00072-001-JAH                                        Page 7

# VIOLATION WORKSHEET

1.  **Defendant:**  Bonds, Johnny Joseph

2.  **Docket No.** (Year-Sequence-Defendant No.):  07CR00072-001-JAH

3.  **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Unauthorized possession of a lap top computer | C |
| Unauthorized Internet access | C |
| Possession of unauthorized software | C |
| | |
| | |
| | |
| | |
| | |

4.  **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [ C ]

5.  **Criminal History Category** (*See* USSG § 7B1.4(a))                    [ I ]

6.  **Range of Imprisonment** (*See* USSG § 7B1.4(a))              [ 3 - 9 months]

7.  **Unsatisfied Conditions of Original Sentence**: None.

Name of Offender: Johnny Joseph Bonds                December 13, 2011

Docket No.: 07CR00072-001-JAH                                       Page 8

## THE COURT ORDERS:

_____ ✓ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

_____              12-13-11

The Honorable John A. Houston                  Date

U.S. District Judge

                                                           jmb/jmb