AO 245D (CASD) (Rev 12/11) Judgment in a Criminal Case for Revocations
Sheet 1

FILED
MAR 01 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| Johnny Joseph Bonds  -1 | (For Offenses Committed On or After November 1, 1987) |

Case Number: 07-cr-00072-JAH-1

Timothy A Scott
Defendant's Attorney

**REGISTRATION No.** 00840298

THE DEFENDANT:
[X] admitted guilt to violation of allegation(s) No. 1, 2 & 3.

[ ] was found in violation of allegation(s) No. _____ after denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following allegation(s):

| **Allegation Number** | **Nature of Violation** |
|---|---|
| 1,2,3 | Failure to be truthful and/or follow instructions (nv8) |

Supervised Release is revoked and the defendant is sentenced as provided in pages 2 through __5__ of this judgment. This sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

February 2, 2012
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

07-cr-00072-JAH-1

AO 245D (CASD) (Rev. 12/11) Judgment in a Criminal Case for Revocations
Sheet 2 — Imprisonment

Judgment — Page 2 of 5

DEFENDANT: Johnny Joseph Bonds -1
CASE NUMBER: 07-cr-00072-JAH-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Eight months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

07-cr-00072-JAH-1

AO 245D (CASD) (Rev. 12/11) Judgment in a Criminal Case for Revocations
    Sheet 3 — Supervised Release

Judgment—Page 3 of 5

DEFENDANT: Johnny Joseph Bonds -1
CASE NUMBER: 07-cr-00072-JAH-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Forty-two months.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒   The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

07-cr-00072-JAH-1

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
               Sheet 3 — Continued 2 — Supervised Release

Judgment—Page  4  of  5 

DEFENDANT:    Johnny Joseph Bonds
CASE NUMBER:  07CR0072-JAH

## SPECIAL CONDITIONS OF SUPERVISION

1. Not possess any device that cab communicate data via modem..

2. Not connect to the internet..

3. Not possess electronic devices.

4. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the Court or probation officer; and that the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

5. Not possess or view any materials pursuant to 18 USC 2252.

6. Not knowingly associate with, or have any contact with any sex offenders unless in an approved treatment and/or counseling setting.

7. Consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender may be required to pay for the cost of installation of the computer software.

8. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, throughout the period of supervision, as directed by the probation officer. The probation officer will provide the state officials with any and all information required by the states sex offender registration agency.

9. defendant shall consent to third party disclosure to any employer or potential employer, paid or unpaid, concerning any restrictions that are imposed by the court.

10. defendant shall not have contact with any child under the age of 18 including contact via telephone, internet, or mail, unless in the presence of a supervising adult (who is aware of the defendant's conviction in the instant offense), and with prior approval of the probation officer. The defendant shall immediately report any unauthorized contact with minor aged children to the probation officer.

11. defendant shall not be employed in or participate in any volunteer activity that involves contact with children under age 18, except under circumstances approved in advance, in writing, by the probation officer.

Judgment—Page 5 of 5

DEFENDANT: Johnny Joseph Bonds
CASE NUMBER: 07CR0072-JAH

12. Participate in a program of mental health treatment, specifically related to sexual offender therapy. The defendant shall enter, cooperate and complete any such program until released by the probation officer. The defendant shall abide by all program rules and regulations, including participating in any clinical psycho-sexual testing and /or assessment, at the direction of the probation officer or therapist. The defendant shall take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the pre-sentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

13. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

14. Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15. The defendant shall submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

16. Abstain from the use of alcohol.

17. Not have access to or own a computer.

18. Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.