PROB 12C
(04/08)

February 13, 2013

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Johnny Joseph Bonds (English)     **Dkt No.:** 07CR00072-001-JAH

**Reg. No.:** 00840-298

**Name of Sentencing Judicial Officer:** The Honorable John A. Houston, U.S. District Judge

**Original Offense:** 18 U.S.C. § 2252(a)(4)(B), Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, a Class C felony.

**Date of Revocation Sentence:** February 2, 2012

**Sentence:** Eight (8) months custody; forty-two (42) months supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** August 10, 2012

**Asst. U.S. Atty.:** Anne K. Perry    **Defense Counsel:** Timothy A. Scott
(Appointed)
619-652-9970

**Prior Violation History:** None.

---

### PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Special Condition)** Be monitored while under supervision with location monitoring technology at the discretion of the probation officer, which shall be utilized for the purposes of verifying compliance with any court-imposed condition of supervision. The offender shall pay all or part of the costs of location monitoring based on their ability to pay as directed by the court and/or probation officer. | 1. On February 12, 2013, Mr. Johnny Bonds removed his GPS bracelet without permission. |

PROB12(C)

Name of Offender: Johnny Joseph Bonds  February 13, 2013
Docket No.: 07CR00072-001-JAH  Page 2

**_Grounds for Revocation:_** On February 12, 2013, this officer was notified by another U.S. Probation Officer that Mr. Bonds had a Location Monitoring Master Tamper alert from Veritracks. The undersigned contacted Mr. Bonds via telephone and he reported he removed his GPS bracelet because he did not want "to be treated like an animal." This officer contacted the Veritracks monitoring center and was informed the Master Tamper alert occurred at 5:40 p.m.

| | |
|---|---|
| **(Special Condition)**<br>Abstain from the use of alcohol. | 2. On February 12, 2013, Mr. Johnny Bonds consumed alcoholic beverages. |

**_Grounds for Revocation:_** On February 13, 2013, Mr. Bonds reported to the U.S. Probation Office as directed. He admitted to consuming alcohol during the last month. He admitted to consuming "a couple shots" of whiskey about one to two times a week. Mr. Bonds admitted he consumed whiskey during the afternoon of February 12, 2013, prior to cutting his GPS bracelet. An alcohol breath was conducted on February 13, 2013, which resulted in negative outcomes.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Bonds has been in compliance with his supervision conditions during this, his *third* term of supervised release. He had initial challenges with his sex offender treatment; however, through consistent attendance and individual communication/interaction with probation and the counselor, his progress has remained positive. In January 2013, he celebrated two years of sobriety (alcohol). To the offender's credit, after cutting his bracelet, he was in regular communication with the probation officer and followed his directives by reporting to the probation office the very next morning with the GPS equipment. It is noted when he did report as directed, February 13, 2013, he admitted that he has been consuming alcohol again. Specifically, he said he has been drinking "a couple shots" of whiskey, one to two times a week, for about the last month. With the exception of this recent non-compliant behavior, Mr. Bonds' adjustment to supervision for this term has been favorable; even though his two previous supervision terms resulted in revocations. Nonetheless, based on his history, Mr. Bonds has been assessed by risk prediction instruments as being a high risk sex offender.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Bonds continues to suffer from physical ailments and emotional health challenges. In addition to the sex offender treatment provider contracted through the U.S. Probation Office, he utilizes the services of the local Veterans Affairs. Beyond his high school education, Mr. Bonds has taken several computer-related classes and consistently self-instructs himself in learning operating systems. It is noted, he is not authorized computer access or ownership.

Regarding his criminal history, Mr. Bonds' supervised release has been revoked on two occasions, and he has criminal convictions for possessing child pornography (instant matter); carnal abuse with a victim less than 14 years old; public intoxication and disorderly conduct; and two incidents involving the possession of drug paraphernalia. Additionally, Mr. Bonds has been arrested on several other occasions (without conviction) for incidents including, but not limited to driving under the influence (alcohol) to lewd acts with a child.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (failure to comply with Location Monitoring Program and use of alcohol) constitute a Grade C violations. USSG § 7B1.1(a)( 3), p.s.

PROB 12(C)

Name of Offender: Johnny Joseph Bonds          February 13, 2013
Docket No.: 07CR00072-001-JAH          Page 4

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Since at the time of original sentencing the court departed from the applicable Criminal History Category, an upward departure may be warranted upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 36 months. USSG § 7B1.4, p.s., comment. (n.2), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h) and USSG § 7B1.3(g)(2), p.s.

In this case, the court has the authority to reimpose *any term of years or life* supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k). The PROSECUTORIAL REMEDIES AND OTHER TOOLS TO END THE EXPLOITATION OF CHILDREN TODAY ACT OF 2003, the Protect Act, Title 1 § 101 amends 18 U.S.C. § 3583 by adding the following: "(k) Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 2241, 2242, 2244(a)(1), 2244(a)(2), 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years or life."

## JUSTIFICATION FOR BENCH WARRANT

Mr. Bonds is a registered sex offender who has just cut his GPS bracelet thus posing an even greater risk to the community. He is currently on supervised release for possession of child pornography and has been assessed as a high risk offender.

PROB12(C)

Name of Offender: Johnny Joseph Bonds  
Docket No.: 07CR00072-001-JAH

February 13, 2013  
Page 5

## RECOMMENDATION/JUSTIFICATION

Mr. Bonds' behavior alleged herein is a serious offense because he has once again breached the trust of the court by cutting his GPS bracelet and by consuming alcohol on a regular basis in the last month To his credit, six months into this term of supervised release, Mr. Bonds had seemingly been compliant with his supervision conditions. However, it appears he is not willing to further comply with orders of the court. Therefore, the undersigned recommends that supervised release be revoked and a sentence at the high end (nine months) of the revocation range be invoked. Three years supervised release to follow is recommended under the same conditions previously ordered.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 13, 2013

Respectfully submitted:  
DAVID J. SULTZBAUGH  
CHIEF PROBATION OFFICER

by  _____  
Michael Morabe  
Senior United States Probation  
619-557-5389

Reviewed and approved:

_____  
Janet Bergland  
Supervising U.S. Probation Officer

PROB12CW                                                                                            February 13, 2013

# VIOLATION WORKSHEET

1. **Defendant:** Bonds, Johnny Joseph

2. **Docket No. (Year-Sequence-Defendant No.):** 07CR00072-001-JAH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| failure to comply with Location Monitoring Program | C |
| Failure to abstain from alcohol | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))          [ 3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

Name of Offender: Johnny Joseph Bonds February 13, 2013
Docket No.: 07CR00072-001-JAH Page 7

## THE COURT ORDERS:

__✓__  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____  THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON ???, AT ???, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____

_____

_____[signature]_____ 2-13-13
The Honorable John A. Houston Date
U.S. District Judge